*310 JUSTICE KOONTZ,
concurring in part and dissenting in part.
I concur with the majority’s holding that this Court, and not the Court of Appeals of Virginia, has jurisdiction over this appeal. However, because I disagree with the majority’s further holding that “the psychiatrist’s testimony, and the record as a whole,” fails to establish that the change of name in question is in the child’s best interest and, therefore, that the trial court abused its discretion in granting the natural father’s petition to change the surname of his child, I respectfully dissent.
The majority gives little, if any, consideration to the mandate of Code § 8.01-217 that unless the court finds that the change of a minor’s name “is not in the best interest of the minor,” the court shall “order a change of name.” In the present case, the trial court was presented with a petition by the natural father to change the surname of his male child from Rowland, the stepfather’s surname, to Shurbutt, the father’s surname. The “record as a whole,” carefully considered by the trial court, reflects that this father is not an “absentee” parent. As a result of numerous legal proceedings since shortly after the child’s birth, the courts have awarded “physical” custody of the child to the mother and “joint legal custody” of the child to both parents. At the father’s request, the child’s birth certificate was amended in 1996 to reflect that Mr. Shurbutt is the child’s natural father. The father visits regularly with the child, provides regular financial support for him, and is active in the child’s school activities.
Moreover, it is undisputed that the child is aware that Mr. Shurbutt is his father and that Mr. Rowland is his stepfather. Indeed, the child calls Mr. Shurbutt “Dad” and Mr. Rowland “Pop.” While the majority is critical of the testimony of the psychiatrist, he very clearly testified that the child should have the surname Shurbutt and should have had that name “from the day he was bom.” The psychiatrist reasoned that “the true identity” of the child was important to the child, the change of name would be in the child’s best interest because it would avoid difficulty in school, and “this is the time in [his] psychosexual development that [he needs] to be clear” concerning his identity.
Applying the above quoted portion of Code § 8.01-217, the trial court concluded that the child’s surname should be Shurbutt rather than Rowland. The trial court exercised its discretion to make the child’s surname and his birth certificate reflect the child’s true iden *311 tity. I cannot conclude that such was an abuse of judicial discretion under the particular circumstances of this case.
There are, however, additional reasons that prompt my dissent in this case. In Flowers v. Cain, 218 Va. 234, 237 S.E.2d 111 (1977), we acknowledged the proposition that a father’s interest in having his child continue to use his surname is relevant to a determination of the child’s best interest. Id. at 236, 237 S.E.2d at 113. While Flowers and subsequently Beyah v. Shelton, 231 Va. 432, 344 S.E.2d 909 (1986), address a change of name over the objection of a father, they both support the reasonable conclusion that absent “substantial reasons” to the contrary, it is in the best interest of a child to have the surname of his father rather than the surname of his stepfather. Although we have not expressly stated it, the reason should be obvious. A surname is the family name, it reflects who we are, our true identity, and unless there are substantial reasons to the contrary a child should always be permitted to use his father’s family name rather than the family name of a stepfather. Today the majority holding casts a shadow of doubt over the rationale of these cases.
The circumstances in the present case are merely the reverse of those in Flowers and Beyah. There we prohibited a change of name over the objection of the father; here the father seeks a change of name to accurately reflect the child’s true parentage. In my view, the interest of this father in having his child use his surname is also in the best interest of his child and should be accorded the same consideration as the interests of the fathers in those cases. Granting that consideration in this case, the child’s surname should not remain “Rowland” over the father’s objection. In short, the trial court corrected what was wrong from the day the child was bom and made it right.
Accordingly, I would affirm the judgment of the trial court.